IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| DENNIS PATRICK SWEENEY, JR. and HEATHER RENEE COPHER-SWEENEY, On Behalf of Themselves And All Others Similarly Situated,<br><br>Plaintiffs;<br><br>v.<br><br>KIMBERLY-CLARK CORPORATION, WAL-MART STORES, INC., and ROCKLINE INDUSTRIES, INC.,<br><br>Defendant. | Civil Action No. 8:14-cv-3201-EAK-EAJ |

**PLAINTIFFS' RESPONSE TO DEFENDANT ROCKLINE INDUSTRIES, INC.S' MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE CLASS ALLEGATIONS**

Plaintiffs, Dennis Patrick Sweeney, Jr., and Heather Renee Copher-Sweeney, on behalf of themselves and members of the putative Class file, respectfully file their response to Defendant Rockline Industries, Inc.'s ("Defendant") Motion to Dismiss, or In The Alternative, Motion for Summary Judgment and Motion to Strike Class Allegation. For the reasons below, Plaintiffs request this Court deny Defendant's motion.

**MEMORANDUM OF LEGAL AUTHORITY IN OPPOSITION**

**I.  STATEMENT OF FACTS**

Kimberly-Clark Corporation ("Kimberly-Clark") manufactures and sells several brands of flushable wipes, including Cottonelle Fresh Care Flushable Cleansing Cloths and Cottonelle Ultra Comfort Care Flushable Cleansing Cloths (together, "Cottonelle Wipes"). FAC ¶¶ 2, 37. Rockline manufactures and sells Equate brand flushable wipes ("Equate Wipes") under contract with Wal-Mart Stores, Inc. ("Wal-Mart"), *Id.* ¶ 8; and Wal-Mart sells various brands

1

of flushable wipes, including Cottonelle Wipes and Equate Wipes manufactured by Rockline. *Id*. ¶¶ 3-8. Cottonelle Wipes and Equate Wipes are marketed and prominently labeled as, *inter alia*, "flushable," "sewer and septic safe," and "break apart after flushing." *See e.g. Id*. ¶ 40, 43, 45, 64, 65, 68. Defendants' wipes are "defective" because they "do not break apart after flushing," such that they are not "flushable." *Id*. ¶ 10. Because Defendants' wipes are marketed as "flushable," Plaintiffs and class members were induced to purchase and paid more for these products than they would for "other pre-moistened wipes that are not marketed as flushable and that are not supposed to be flushed down a toilet." *Id*. ¶ 9, 107, 108.

Since December 24, 2010, Plaintiffs made several purchases of Cottonelle Wipes and Equate Wipes from their local Walmart Supercenter stores and Sams' Club store in Tampa, Florida. *Id*. ¶ 97. At any given time between December 24, 2010 and December 24, 2014 both brands of flushable wipes were present and in use in Plaintiffs' Tampa, Florida home. *Id*. ¶ 99.

On or about November 13, 2011, Plaintiffs noticed problems with their plumbing system, including difficulty flushing their toilets and sewage backing-up into one of their bathroom showers. *Id*. ¶ 100. To diagnose and correct the problem, Plaintiffs hired Olin Plumbing, Inc. who discovered the home's main plumbing line was clogged. *Id*. ¶ 101-102. While clearing the clog, Mr. Olin, in the presence of Plaintiff, Mr. Sweeney, found a clog made up of the flushable wipes that Plaintiffs had used and flushed down the toilets in their home. *Id*. ¶ 102. Plaintiffs paid Olin Plumbing approximately $370 to locate and clear the blockage. *Id*. ¶¶ 103.

In their First Amended Complaint, Plaintiffs assert eight claims for relief: (I) violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-213 ("FDUTPA"); (II) Breach of Express Warranty; (III) Breach of Implied Warranty of Merchantability; (IV) Negligence; (V) Negligent Misrepresentation; (VI) Negligent Failure to

Warn; (VII) Strict Liability Failure to Warn; and (VIII) Unjust Enrichment. Plaintiffs seek declaratory and injunctive relief; statutory, compensatory, and punitive damages; restitution; and attorneys' fees. *See* FAC at "Prayer for Relief." *See* FAC at "Prayer for Relief."

Plaintiffs seek certification of (1) two classes of "all persons residing in the State of Florida" who purchased, respectively, Cottonelle Wipes (the "Cottonelle Class") or Equate Wipes (the "Equate Class"), between December 24, 2010 and the present; and (2) a subclass of each class consisting of persons who allegedly suffered damages or incurred costs to repair plumbing blockages as a result of use of the Wipes (the "Plumbing Repair Sub-Classes"). *Id.* ¶ 112.

On motion by all Defendants, on September 15, 2015 the Court issued an Order granting in part the dismissal of certain claims in Plaintiffs' original complaint. Order [Doc. 69]. The Court gave Plaintiffs leave to file an amended complaint, but dismissed with prejudice their cause of action for breach of implied warranty of fitness for a particular purpose. *Id.* at 6, 7, 9. Plaintiffs filed their First Amended Complaint on October 9, 2015.

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Fed.R.Civ.P. 8(a)(2) requires that a pleading contain short and plain statement of the claim showing the pleader is entitled to relief and to "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S.Ct. 1955 (2007). The standard "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. When reviewing a motion to dismiss, a

3

court must accept as true all the allegations in the complaint and construe them in the light most favorable to the plaintiff. *Jackson v. Bellsouth Telecomms.,* 372 F.3d 1250, 1262 (11th Cir.2004). Further, a court must favor the plaintiff with all reasonable inferences from the allegations in the complaint. *Stephens v. Dep't of Health & Human Servs.,* 901 F.2d 1571, 1573 (11th Cir.1990).

A decision whether to convert a motion to dismiss into a motion for summary judgment rests solely within the wide discretion of the trial court. *See* Fed.R.Civ.P. 12(b); *See also EEOC v. Reno*, 758 F.2d 581, 583 n. 6 (11th Cir.1985); *Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 517 (5th Cir.1998) (The court has the discretion under Federal Rule of Civil Procedure 12(b) to decide whether it will accept materials outside the pleadings and convert the motion to dismiss into one for summary judgment.); *R. Miller Architecture, Inc. v. Edgington Enterprises, Inc.,* No. 6:06-CV-871ORL19DAB, 2007 WL 496614, at *3 (M.D. Fla. Feb. 12, 2007). Ordinarily, Summary Judgment should not be granted before discovery has been completed. *Alabama Farm Bureau Mutual Casualty Co. v. American Fidelity Life Insurance Company,* 606 F.2d 602, 609 (5th Cir.1979), *cert. denied,* 449 U.S. 820, 101 S.Ct. 77, 66 L.Ed.2d 22. A court should not convert a motion to dismiss into one for summary judgment until all parties have had the opportunity to present all material made pertinent to a summary judgment motion under Rule 56. Fed.R.Civ.P. 12(b); *see also Snook v. Trust Co. of Georgia, Bank of Savannah,* 859 F.2d 865, 870 (11th Cir.1988) ( "[S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery.").

On a motion for summary judgment, the movant bears the initial burden of showing that no genuine issue of material fact remains for trial. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986); *Zivojinovich v. Barner*, 525 F.2d 1059, 1066 (11th Cir.2008). To avoid summary judgment, the

opposing party need only come forward with specific facts in dispute that are material and of a substantial nature. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Though the opposing party must present specific evidence showing a question of material fact, the Court must draw all reasonable factual inferences in favor of the opposing party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986).

## III.     ARGUMENT

Defendant asserts Plaintiffs' First Amended Complaint is deficient for four reasons: (A) Plaintiffs fail to properly allege a FDUTPA claim; (B) Counts III (Express Warranty) and IV (Implied Warranty of Merchantability) fail to properly allege Plaintiff suffered an injury and provided notice to Defendant as warrantor; (C) The First Amended Complaint is an improper shotgun pleading; and (D) Plaintiffs' class allegations should be stricken because it does not meet the class certification requirements. Defendant also incorporates arguments asserted in Defendants' Kimberly-Clark and Wal-Mart, (collectively "Defendants") Joint Motion to Dismiss or, Alternatively, for Summary Judgment, and Motion to Strike Class Allegation ("Joint Motion") with regard certain issues which will be addressed below.

As explained *infra,* Defendant's arguments fail to address the pertinent issue and crux of Plaintiffs' complaint – Defendant's representations that its flushable wipes are "flushable", "suitable for sewer and septic" and that "[l]ike toilet paper, break apart after flushing" are false and induced Plaintiffs and the purported class members to purchase its product. Relying on these representations, Plaintiffs would not have purchased Defendant's flushable wipes or paid a higher price than other wipes not marketed, labeled, and represented to be flushable. Defendant, instead, focuses on other peripheral issues which are not pertinent to claims pled in the First Amended Complaint.

Defendant's own motion is replete with issues of material fact that make granting its motion improper and, instead, lay a decent framework of what must be proven at trial. According to Defendant, "[t]he fundamental issue is whether a customer who uses flushable wipes that never causes a clog is injured and entitled to damages under a price premium theory because sometimes wipes clog <u>someone</u> else's plumbing." Motion [Doc. 76] p. 8 (emphasis in original). Determination of this issue alone creates a genuine issue of material fact sufficient to defeat a motion for summary judgment. In support of its arguments, Defendant continually refers to "common sense" definitions of terms which are merely its own self-serving interpretations, not that of an individual or reasonable consumer under the circumstances. A juror is best positioned to interpret these terms. Indeed, how a reasonable person would view a "common sense" interpretation of a word is the perfect issue to be put before a jury.

Importantly, a genuine issue of material fact already exists with regard to the definition of "flushable." The Federal Trade Commission ("FTC") recently ruled that another manufacturer of flushable wipes (Nice-Pak Products, Inc.) could not represent its products had nine qualities[1] with regard to flushability unless those claims were supported by "competent and reliable evidence." *In the Matter of Nice-Pak Products, Inc.*, Doc. No. C-4556 (2015).

A. **DEFENDANT'S MOTION SHOULD BE CONSTRUED AS A MOTION TO DISMISS**

Defendant's motion should be construed as a motion to dismiss because, while referencing deposition testimony, it fails to argue there is no genuine issue of material fact. Rather, Defendant continually argues Plaintiffs' <u>allegations</u> failed to adequately state a claim pursuant to Rule 12(b)(6). Similarly, the court in *R. Miller Architecture* refused to convert the

---

[1] Nice-Pak could not represent its product (a) is safe for sewer systems; (b) is safe for septic systems; (c) breaks apart shortly after flushing; (d) will not clog household plumbing systems; (e) will not clog household septic systems; (f) is safe for plumbing; (g) is safe to flush; (h) dissolves or disperses when interacting with water; or (i) is flushable without being supported by "competent and reliable evidence. *In the Matter of Nice-Pak Products, Inc.*, Doc. No. C-4556, pg. 2 (2015)."

defendant's motion for dismiss into a motion for summary judgment because "[t]he written submissions of the parties make clear that neither party intended to have their arguments address a Rule 56 motion for summary judgment." *R. Miller Architecture*, 2007 WL 496614, at *3. Moreover, Plaintiffs have not had an adequate opportunity to conduct discovery and present that evidence in opposition to Defendant's Motion for Summary Judgment to show the existent of material fact. Discovery has not concluded so additional depositions of both fact and expert witnesses may be required before all the pertinent information can be put before this Court to assist it in ruling on a summary judgment motion. As such, the Court should ignore any evidence outside the pleadings and, instead, limit its review solely to the allegations of the First Amended Complaint, which is the functional equivalent of a 12(b)(6) motion. *Id*.

Should it construe Defendant's motion as one for summary judgment, the Court should deny such a motion because the Defendant has failed to show the existence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323; *Zivojinovich*, 525 F.2d at 1066.

### B. PLAINTIFFS HAVE ADEQUATELY PLED THEIR FDUTPA CLAIM

As explained in Plaintiffs' Response to Defendants' Joint Motion, [Section III.B.1., pp. 5 – 8.], Plaintiffs' First Amended Complaint established Plaintiffs' standing to assert its FDUPTA claim and explained how Defendants' conduct caused Plaintiffs' damages. Plaintiffs seek both monetary damages and injunctive relief pursuant to FDUTPA. FAC ¶¶ 123, 142. Thus, Plaintiffs incorporate Section III.B.1., of its Response to Defendants' Joint Motion as if originally stated herein and makes the following additional arguments.

#### 1. *Plaintiffs Have Sufficiently Alleged that a Reasonable Consumer Would Likely Rely on Defendant's Representations*.

Defendant rightfully recognizes that a plaintiff is not required to show actual reliance to properly state a claim under FDUTPA. "It is sufficient if the class can establish that a

7

reasonable person would have relied on the representations." *Latman v. Costa Cruise Lines, N.V.*, 758 So. 2d 699, 703 (Fla. Dist. Ct. App. 2000). Instead, Defendant argues the First Amended Complaint fails to allege any reasonable consumer under the circumstances could have relied on its representations to purchase its flushable wipes. Interestingly, Defendant implicitly acknowledges its flushable wipes may well cause clogs by claiming that Plaintiffs ignored the possibility Defendant's flushable wipes posed a clogging risk and, as a result, could not have been misled by Defendant's representation. *See* Motion [Doc. 76] pp. 8-10. In other words, Defendant admits there is inherent risk in flushing its flushable wipes and, therefore, Plaintiffs could not have reasonably relied on Defendant's representations their flushable wipes will "break up after flushing." Rather, it is argued, "Plaintiffs only relied upon [the] label." Motion [Doc. 76] p. 8. Whether a reasonable consumer would have relied on the representations on Defendant's product label is precisely the disputed issue that must be decided by a jury.

As alleged in Plaintiffs' First Amended Complaint, a reasonable consumer under the circumstances would rely on claims that Defendant's product was "Certifiable Flushable" and "Suitable for Sewer and Septic" because it "breaks apart after flushing." FAC ¶¶ 72, 134, 136. Any reasonable consumer would depend on these statements to conclude that Defendant's flushable wipes could be flushed down the toilet and be safe for his or her sewer and septic system like toilet paper. Id. ¶¶ 134, 136. Plaintiffs described how these representations would induce a reasonable consumer to purchase Defendant's wipes based on these representations in the First Amended Complaint. FAC ¶¶ 61-76, 136. Whether a reasonable consumer would rely on Defendant's representations is a quintessential genuine issue of material fact that should be decided by the jury, not on the pleadings.

8

### 2. Defendant's First Amendment Argument Seeking Protection of its Opinion with Regard to its own Testing Standards is without Merit.

Defendant takes issue with the allegation in Plaintiffs' First Amended Complaint regarding the Association of Nonwoven Fabrics Industry's ("INDA") statement in its *Guidance Document for Assessing the Flushability of Nonwoven Consumer Products*, First Edition that

> "[t]here are legitimate concerns about whether the level of agitation present in the dispersability tests and the perfect condition of the laboratory test pipe apparatus contained in these guidelines proves the best base upon which to assess whether products will pass through and not clog pipes that are compromised, but still fit for use."

FAC ¶ 31. Defendant states that it should not be required to disclose to consumers that "legitimate concerns" exist as to whether the tests that Defendant's products undergo to support the representations of flushability touted to consumers by Defendant. Defendant said that such a disclosure would violate its First Amendment rights by compelling it to speak matters of disputed opinion. Defendant further states that, "the State cannot compel disclosure of opinions the speaker does not agree with." Def. Mot. Dismiss, pg. 10.

Interestingly, Defendant is a member of INDA and Defendant touts that it was an "integral member" of the INDA team that helped develop very guidance document in which the statement appears. *See* Exhibit A. In fact, in the Guidance Document itself, INDA acknowledges Defendant's contribution of time, resources and effort in the creation of the document. *See* Exhibit B, pp. 4-5. Therefore, Defendant's assertion appears duplicitous that it would violate its First Amendment rights for it to disclose a statement or opinion with which it does not agree, yet for which Defendant was an integral part of its development and publication.

### 3. Plaintiffs Properly Alleged Causation and Damages under FDUTPA.

Plaintiffs' Response to Defendants' Joint Motion explains how Plaintiffs have sufficiently alleged how it incurred damages from Defendant's conduct under FDUTPA.

Plaintiff respectfully refers the Court to Section III.B.1., of its Response to Defendants' Joint Motion for a full discussion of this issue and Plaintiffs hereby incorporate that section as if originally stated herein. Additionally, Plaintiffs make the following arguments.

Defendant's core argument is that Plaintiffs failed to assert a claim under FDUTPA because they cannot recover under a price-premium theory if the flushable wipes pose only a risk of clogging their plumbing system. Defendant argues this is untenable because those putative class members who suffered no plumbing problems received the benefit of the bargain if the wipes flushed. Defendant concludes its flushable wipes cause no damages if it "clears the consumers [sic] home without clogging, [so] it is 'flushable' by the "common sense" definition of the term." Motion [Doc. 76] p. 13. Flushable wipes, it is argued, which cause no clog "ha[ve] performed as promised." *Id.* Defendant's definition and contention necessarily requires a showing of physical property damage to allege causation and damages under FDUTPA. Thus, Defendant argues Plaintiffs cannot prove a price-premium without also sustaining physical damages.

Defendant's argument is flawed and contrary to Florida law because Florida law does not require physical damage to sustain a FDUTPA claim. Instead, Plaintiffs must only allege that they paid more for a product based on Defendant's representations than they would have paid for the product as delivered. *See Rodriguez v. Recovery Performance & Marine, LLC*, 38 So. 3d 178, 180 (Fla. 3d DCA 2010) (citing *Rollins, Inc. v. Heller*, 454 So. 2d 580, 585 (Fla. 3d DCA 1984); *Collins v. DaimlerChrysler Corp*, 894 So. 2d 988, 990 (Fla. 5th DCA 2004); *Davis v. Powertel*, 776 So. 2d 971, 973 (Fla. 1st DCA 2000). Indeed, "out of pocket losses are not a prerequisite to a deceptive trade practices action." *Collins*, 894 So.2d at 990 (Court overruled

10

trial court's dismissal of plaintiff's second amended complaint for failure to demonstrate out of pocket losses on account of the alleged defect).

Defendant's argument is a self-serving smokescreen masking the real issue: Defendant marketed its flushable wipes as "Certified Flushable," "Suitable for Sewer and Septic" *and* that they would "break apart after flushing" despite these representations being false. A reasonable consumer under the circumstances would rely on these representations and pay a premium for these qualities other non-flushable wipes do not possess. The First Amended Complaint sufficiently alleges the particular price-premium by wipe and that Plaintiffs and the putative class pay this premium based on Defendant's representations. FAC ¶ 9. Defendant's argument that a plaintiff must have sustained out of pocket costs from physical damage to their plumbing system is without merit.

Defendant cites *Rollins v. Butland*, 951 So. 2d 860 (Fla. 2d DCA 2006) in support of its contention that putative class members who suffered no "actual loss" cannot bring a FDUPTA claim. In *Rollins*, the "actual loss" alleged to have been sustained by plaintiffs, however, was termite damage to their homes. Indeed, this is explained in the two sentences preceding the block quote used by Defendant and offers an important distinction between *Rollins* and the facts before the Court. *Id*. at 873. Specifically, the "actual damages" alleged by Plaintiffs here is a price-premium theory whereby Plaintiffs overpaid for a flushable wipe represented as being flushable but received a wipe that did not conform to that representation. Unlike the plaintiffs in *Rollins* who could not provide a "reasonable methodology for generalized proof of class-wide impact and damages," Plaintiffs here have alleged the specific price premium it paid. FAC ¶ 9.

C. **PLAINTIFFS HAVE SUFFICIENTLY PLED CLAIMS FOR EXPRESS WARRANTY AND IMPLIED WARRANTY OF MERCHANTABILITY.**

Defendant argues the First Amended Complaint fails to allege claims for Express Warranty (Count II) and Implied Warranty of Merchantability (Count III) absent causation and physical damages to Plaintiffs' plumbing system. Defendant claims that none of the four specific purchases identified by Plaintiffs establish that an Equate wipe was associated with the November 13, 2011 plumbing failure which, consequently, means Plaintiffs cannot establish the causal and damages prongs of their warranty claims. Because Defendant's motion should be construed as a motion to dismiss, however, the First Amended Complaint must only allege that Plaintiffs purchased and used Equate wipes and suffered plumbing damages as a result of those wipes not conforming to Defendant's representations.[2] The First Amended Complaint does precisely this and alleges that, in addition to the specific purchases referenced by Plaintiff's credit card history, Plaintiff also purchased Equate Flushable Wipes with cash. FAC ¶ 97. The amount of damages incurred as a result of Defendant's breach is to be determined at trial. *See* FAC ¶¶ 149, 151, 157. These allegations sufficiently plead Plaintiffs' Express Warranty and Implied Warranty of Merchantability claims.

Defendant also maintains Plaintiffs failed to enforce the warranty by giving Defendant notice of the alleged breach. In its September 15, 2015 Order, this Court dismissed that contention, finding that Plaintiffs alleged sufficient facts to establish "notice of, and [Defendants'] choice not to remedy, the defects." Order [Doc. 69] at 6. Since the Court has already ruled on this issue, overruling Defendant's argument *ab initio*, further discussion of the

---

[2] Defendant incorrectly asserts that a price-premium claim of damages is associated with Plaintiffs' breach of express and implied warranty counts. This is incorrect as a price-premium theory is alleged under only Plaintiffs' FDUTPA claim.

topic is unnecessary. Defendant's refusal to accept the Court's Order and its continued argument over the notice requirement is a waste of this Courts time and resources.

### D. PLAINTIFFS' FIRST AMENDED COMPLAINT IS NOT AN IMPERMISSIBLE SHOTGUN PLEADING.

Plaintiffs incorporate their arguments regarding shotgun pleadings from Plaintiffs' Response to Defendants' Joint Motion, [Section III.E, pp. 12 – 14.], as if fully set forth herein.

### E. PLAINTIFFS' CLASS ALLEGATIONS SHOULD NOT BE STRICKEN.

While Defendant does not clearly state which of Rule 23's requirements allegedly are not satisfied, Plaintiffs suspect that Defendants are challenging the commonality and typicality prongs which require that common issues of the class predominate over individualized issues and that the named plaintiff's claims are typical of the class. As explained in Plaintiffs' Response to Defendants' Joint Motion, Plaintiffs adequately pled these requirements, *inter alia*, and hereby incorporates, Section III.F., of Plaintiffs' Response as if originally stated herein.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs, Dennis Patrick Sweeney, Jr., and Heather Renee Copher-Sweeney, on behalf of themselves and members of the putative Class respectfully request this Court deny Defendant Rockline Industries, Inc.'s Motion to Dismiss, or In The Alternative Motion for Summary Judgment and Motion to Strike Class Allegation.

Respectfully submitted,

**/s/Christopher D. Boutwell**
**BEASLEY, ALLEN, CROW, METHVIN,**
**PORTIS & MILES, P.C.**
Christopher D. Boutwell
Alabama Bar # 1941-O78B
Chris.Boutwell@beasleyallen.com

Rhon E. Jones
Alabama Bar # 7747-E52R
Rhon.Jones@beasleyallen.com
Po Box 4160
Montgomery, Alabama 36103-4160
1-800-898-2034
Fax 334-954-7555

**AG LAW, INC.**
ANTHONY J. GARCIA
Fla Bar ID # 106909
*anthony@aglawinc.com*
742 South Village Circle
Tampa, Florida 33606
(813) 259-9555 (Telephone)

**Counsel for Plaintiffs and the Proposed Class**

# CERTIFICATE OF SERVICE

I certify that on November 25, 2015 a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using CM/ECF, which will send notice of filing to all counsel of record.

/s/ Christopher D. Boutwell