UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS PATRICK SWEENEY, JR. , On
behalf of themselves and all other
similarly situated and HEATHER RENEE
COPHER-SWEENEY, On behalf of
themselves and all other similarly
situated,

       Plaintiffs,

v.                                      Case No: 8:14-cv-3201-T-17EAJ

KIMBERLY-CLARK CORPORATION,
WAL-MART STORES, INC., and
ROCKLINE INDUSTRIES, INC.,

       Defendants.

_____

## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION FOR CLARIFICATION AND/OR RECONSIDERATION

This cause came before the Court pursuant to the *Plaintiffs' Motion for Clarification,*

*Amendment, or Reconsideration of Order* (Doc. No. 112) (the "**Motion**") filed by the

Plaintiffs, Dennis Patrick Sweeney, Jr. and Heather Renee Copher-Sweeney, on behalf

of themselves and all others similarly situated (the "**Plaintiffs**").  For the reasons set forth

below the Motion is **GRANTED IN PART AND DENIED IN PART**.

Through the Motion, the Plaintiffs seek (i) clarification regarding whether the Court,

in its *Order Granting in Part and Denying in Part Defendants' Motions to Dismiss, or*

*Alternatively for Summary Judgment, and to Strike Class Allegations* (Doc. No. 111) (the

"**Order**"),[1] intended to dismiss the Plaintiffs' claim for equitable relief under FDUTPA, and

_____

[1] All terms not specifically defined herein shall have the meanings assigned in the
Order.

if so, (ii) reconsideration of the Order as it pertains to the Court's dismissal of the Plaintiffs' equitable claim under FDUTPA.

Upon review of the Motion, the Order, and the authorities cited therein, the Court is comfortable clarifying that it did intend to dismiss the Plaintiffs' claim for equitable relief under FDUTPA. As noted on page 14 of the Order, the Court dismissed the Plaintiffs' FDUTPA claim with prejudice because "the Plaintiffs lack standing to prosecute their FDUTPA claim under a price premium theory." (Order, at p. 14). In making that determination, the Court relied on the case of *Prohias v. Pfizer, Inc.*, 485 F.Supp.2d 1329 (S.D. Fla. 2007). The *Prohias* case specifically addressed whether a plaintiff who continues to purchase a defective product despite knowledge of the defect has been "actually injured or aggrieved" under FDUTPA. *Id.* at 1336. Since the plaintiffs' theory of damages was too speculative to satisfy the requirements of Article III, the court determined that the plaintiffs failed to state a claim under either prong of Section 501.211 of the Florida Statutes. *Id.* at 1339. As set forth in the Order, the reasoning employed by the court in *Prohias* demonstrates that the Plaintiffs have not been "actually injured or aggrieved" under FDUTPA. As a result, the Order intended to, and does, dismiss the Plaintiffs' FDUTPA claims in their entirety.

Having clarified the intent of the Order with respect to the Plaintiffs' FDUTPA claims, the Court must determine whether reconsideration of the Order is warranted. Federal Rule of Civil Procedure 59(e) gives the Court "broad discretion to reconsider an order which it has entered." *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F.Supp.2d 1316, 1331 (M.D. Fla. 1999). "There are three grounds that justify granting a motion to alter or amend judgment: 1) an intervening change in controlling law;

2) the availability of new evidence; or 3) the need to correct clear error or prevent manifest injustice. *Id.* "A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 684 (M.D. Fla. 1996). While a Rule 59(e) motion is "not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision," such a motion is appropriate "when the court has patently misunderstood a party and has made a decision outside the adversarial issues presented, or has made a mistake, not of reasoning, but of apprehension." *Id.* at 686.

Here, the Plaintiffs fail to cite to any change in controlling law, availability of new evidence, or clear error of law warranting reconsideration of the Order. The *Prohias* case addresses both prongs of FDUTPA, and answers the question of whether a price premium and/or price inflation theory of injury satisfies the requirements of Article III where the plaintiff continues to purchase the allegedly defective product. Having relied on *Prohias*, the Court did not misunderstand the parties' arguments, make a decision outside the adversarial issues presented, or commit an error of apprehension. Accordingly, while the Plaintiffs are free to appeal the Order on the basis that *Prohias* was decided incorrectly, is distinguishable, or based on some other error of reasoning, the Motion does not present the Court with grounds to reconsider the Order.

Accordingly, it is

**ORDERED** that the Motion is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** as to the Plaintiffs' request for clarification regarding whether the

Order applied to both prongs of the Plaintiffs' FDUTPA claim, and **DENIED** as to the Plaintiffs' request for reconsideration of the Order.

      **DONE** and **ORDERED** in Chambers, in Tampa, Florida this 3rd day of March, 2016.

                              ELIZABETH A. KOVACHEVICH
                              UNITED STATES DISTRICT JUDGE

Copies furnished to:

All Parties and Counsel of Record